ENGELMAN v. ANDERSON.

(Supreme Court, Appellate Term. February 23, 1905.)

ACTION FOR WORK DONE—EVIDENCE—MEMORANDUM.

    To allow plaintiff in an action for the value of work to read as part of his evidence a copy of a memorandum taken from his books is error, which is not cured by the fact that the memorandum agreed with the bills which had been rendered defendant, the bills not being evidence, and it not appearing defendant verified the bills, or checked them off with the work done.

    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1647.]

Appeal from City Court of New York, Trial Term.

Action by August Engelman against Henry Anderson. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Maxwell C. Katz, for appellant.
Charles W. Coleman, for respondent.

SCOTT, J. There can be no doubt that Just ordered the work as Anderson's agent, and that the defendant is liable for its fair value. The evidence as to value was, however, very unsatisfactory. It was clearly error, however, to permit the plaintiff to read as part of his evidence a copy of a memorandum taken from his books. It was not a case of reading a memorandum in order to refresh the memory of the witness, so that, after reading, he could testify from memory, but was frankly read into the case as evidence. The error was not cured by the circumstance that this memorandum agreed with the bills which had previously been rendered to Just, the defendant's agent, because these bills themselves were not evidence; and it is not made to appear that Just verified them in any proper sense, or how thoroughly he and his clerk checked off the bills with the work done. The only direct

evidence of value was that given by Moscowitz, an expert witness called by defendant, who testified, after examining the work, that plaintiff had charged about $60 too much.

The judgment must be reversed, and a new trial granted with costs to appellant to abide the event, unless respondent stipulates to reduce the judgment to $410.85, in which case it will be affirmed as modified, without costs. All concur.